UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KALEB MATTHEW LAMBERT,  )
                                            )
            Plaintiff,              )
                                            )
v.                                        )      Case No.:  CIV-22-100-J_____
                                            )      (*formerly Oklahoma County District*
                                            )      *Court Case No. CJ-21-5313*)
FRONTIER LEASING, INC. and   )
WAYNE ALLEN LITHERLAND,   )
                                            )
            Defendants.           )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Frontier Leasing, Inc., hereby removes the above-captioned matter from the District Court of Oklahoma County, State of Oklahoma, to this Court.  All documents filed or served in the state court action are attached hereto as **EXHIBITS 1-3**, respectively.  Defendant has neither received nor filed any other pleadings or papers in this matter.  Pursuant to LCvR 81.2(a), a copy of the State Court Docket Sheet is also attached hereto as **EXHIBIT 4**.

The removal of this matter to federal court is based on the following:

### FACTUAL BACKGROUND

1.      This case arises out of a motor vehicle collision between Plaintiff and Defendant's employee Wayne Allen Litherland on November 11, 2020 in Del City, Oklahoma.  *See* Petition, ¶¶ 1-8, **EXHIBIT 1**.

2.      Plaintiff alleges that said motor vehicle collision caused injuries, for which he now asserts liability claims against both Defendants.  *Id.* at ¶¶ 9-23.

## JURISDICTION

3.     "'Federal courts are courts of limited jurisdiction.  They possess only the power authorized by the Constitution and statute . . . .'"  *Razul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 475, 377 (1994)).  For a federal court to have original jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.  Generally, jurisdiction depends upon the state of things at the time of filing.  *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004).

4.     At the time of filing, federal question jurisdiction did not exist, as Plaintiff's Petition does not contain allegations that the Constitution or any other federal statute had been violated.

5.     However, as shown below, pursuant to 28 U.S.C. § 1332(a)(2), this action is a civil action over which this Court has original jurisdiction.  The parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## COMPLETE DIVERSITY EXISTS AND THE RULE OF UNANIMITY IS SATISFIED

6.     Although Plaintiff's Petition does not allege any jurisdictional facts, the Official Oklahoma Traffic Collision Report notes that Plaintiff is a resident of Choctaw, Oklahoma.

7.     Similarly, Wayne Allen Litherland is a resident of Seneca, Missouri, while Frontier Leasing, Inc. is domiciled in Missouri, with its principal place of business in Joplin, Missouri.

8.     As Plaintiff and Defendants are citizens of different states, complete diversity of citizenship exists between the parties.  Further, although Plaintiff has not effectuated service on Wayne Allen Litherland, undersigned counsel additionally represents him in this action and affirmatively consents to removal herein.

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

9.     Diversity jurisdiction also requires the removing party to demonstrate that the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332.  In the instant case, this requirement is also met.

10.     The Tenth Circuit has explained that "[t]he right of removal depends upon the case disclosed by the pleadings when the petition is filed." *Woerter v. Orr*, 127 F.2d 969, 971 (10th Cir. 1942).  As disclosed by the pleadings, Plaintiff is seeking damages in excess of $75,000.00 from the Defendants.

11.     Specifically, Plaintiff prays for judgment against Defendants "in excess of Seventy-Five Thousand Dollars ($75,000)." *See* Petition, ¶¶ 13-14, 23, **EXHIBIT 1**.

12.     Therefore, based on the foregoing, the amount in controversy requirement is also met.

## REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

13.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court.  Specifically, Defendant was served with Plaintiff's Petition on January 3, 2022. *See* Summons, **EXHIBIT 2**.  As such, it has not been more than thirty (30) days since Defendant was served with this lawsuit.

14.     Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action.  *See* Petition, filed on December 12, 2021, **EXHIBIT 1**.

15.     The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "the District Court of the United States for the district and division within which such action is pending."  28 U.S.C. § 1446(a).  Currently this action is pending in the District Court in and for Oklahoma County, State of Oklahoma.  The Western District of Oklahoma includes the County of Oklahoma.  *See* 28 U.S.C. § 116(c). Therefore, removal to this Court is proper.

16.     Pursuant to 28 U.S.C. § 1446(d), Defendant will serve written notice of the filing of this Notice of Removal on counsel for Plaintiff, the adverse party.  Additionally, a copy of this Notice will be filed with the Clerk of the District Court in and for Oklahoma County, State of Oklahoma.

WHEREFORE, the Defendant, Frontier Leasing, Inc., removes this action from the District Court in and for Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

Drew A. Lagow, OBA No. 22618
ROBERSON KOLKER COOPER & GOERES, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:       drew@rkcglaw.com
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

James A. Belote, Esquire
Jack Stipe, Esquire
STIPE & BELOTE, LLP
9400 Broadway Extension, Suite 420
Oklahoma City, Oklahoma 73114
Telephone:   405-607-1790
Facsimile:   405-607-1796
Email: jbelote@stipelawokc.com
       jstipe@stipelawokc.com
ATTORNEYS FOR PLAINTIFF

For the Firm